IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARELIS FRANCO and CARLOS FRANCO : | CIVIL ACTION |
| : | NO. 02-3975 |
| v. : | |
| : | |
| ANCHOR HOCKING, INC., a/k/a and d/b/a : | **ANSWER AND AFFIRMATIVE** |
| ANCHOR HOCKING GLASS COMPANY : | **DEFENSES OF DEFENDANTS,** |
| : | **ANCHOR HOCKING INC. AND** |
| and : | **NEWELL RUBBERMAID TO** |
| : | **THE COMPLAINT** |
| NEWELL RUBBERMAID, INC. : | |

      Defendants, Anchor Hocking Inc. and Newell Rubbermaid, Inc. respond to the complaint as follows:

      1.      Admitted upon information and belief.

      2.      Admitted in part, denied in part.  It is admitted that plaintiffs served their Summons upon defendant Anchor Hocking, Inc., a/k/a and d/b/a Anchor Hocking Glass Company.  It is further admitted that Anchor Hocking Inc. is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois.  It is denied that Anchor Hocking Inc. is a/k/a and d/b/a Anchor Hocking Glass Company.

      3.      Admitted.

      4.      Admitted.

      5.      Admitted.

      6.      Denied.  After reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6 of the complaint and, therefore, they are denied.

7. Denied. After reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 7 of the complaint and, therefore, they are denied.

8. Denied. After reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 8 of the complaint and, therefore, they are denied. By way of further answer, the defendants state that the subject glass baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendants is denied.

9. Denied. The averments set forth in paragraph 9 of the complaint contain conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, the defendants deny that plaintiff acted reasonably and further assert that to the extent that the plaintiff sustained injury from the use of the subject glass dish, the injury was caused by misuse and the plaintiff's own negligence.

10. Denied. The averments set forth in paragraph 10 of the complaint contain conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, the defendants state that the subject glass baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendants is denied.

11. Denied. The averments set forth in paragraph 11 of the complaint contain conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, defendants state that the subject glass dish was safe for its intended use in accordance with the instructions and literature provided with the glass dish at the time it left the

control of the manufacturer. To the extent that the plaintiff sustained injury from the use of the subject glass dish, the injury was caused by misuse and the plaintiff's own negligence.

## COUNT I
## STRICT LIABILITY
## Arelis Franco v. Anchor Hocking Inc.

12.     Defendant, Anchor Hocking Inc. incorporates by reference herein the answers to paragraphs 1 through 11 of the complaint as though the same were set forth in full herein.

13.     Denied. Paragraph 13 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Anchor Hocking Inc. states that the subject baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendant is denied.

14.     Denied. Paragraph 14 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Anchor Hocking Inc. states that the subject baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendant is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding plaintiff's injuries and, therefore, they are denied.

15.     Denied. Paragraph 15 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Anchor Hocking Inc. states that the subject baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendant is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding plaintiff's injuries and, therefore, they are denied.

16. Denied. Paragraph 16 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Anchor Hocking Inc. states that the subject baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendant is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments relating to plaintiff's alleged earnings loss and, therefore, they are denied.

17. Denied. Paragraph 17 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Anchor Hocking Inc. states that the subject baking dish was safe for its intended use when it left the control of the manufacturer and all liability on the part of the defendant is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments relating to plaintiff's personal property loss and, therefore, they are denied.

**WHEREFORE**, defendant Anchor Hocking Inc. demands judgment in its favor and against plaintiffs together with costs of suit, attorneys' fees and any such other relief as the Court deems appropriate.

## COUNT II
## NEGLIGENCE
### Arelis Franco v. Anchor Hocking Inc.

18. Defendant Anchor Hocking Inc. incorporates by reference herein the answers to paragraphs 1 through 17 of the complaint as though the same were set forth in full herein.

19. Denied. Paragraph 19 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Anchor Hocking Inc. states it at all times acted reasonably in its design, manufacture and sale of the subject glass

4

dish and that the glass dish was safe for its intended use in accordance with the applicable instructions and literature at the time it left the control of the manufacturer.

**WHEREFORE**, defendant Anchor Hocking Inc. demands judgment in its favor and against plaintiffs together with costs of suit, attorneys' fees and any such other relief as the Court deems appropriate.

## COUNT III
## STRICT LIABILITY
## Arelis Franco v. Newell Rubbermaid, Inc.

20. Defendant, Newell Rubbermaid, Inc., incorporates by reference the answers to paragraphs 1 through 19 of the complaint as though the same were set forth in full herein.

21. Denied. Paragraph 21 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Newell Rubbermaid, Inc. states that it did not design, manufacture or sell the subject baking dish and all liability on the part of the defendant is denied.

22. Denied. Paragraph 22 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Newell Rubbermaid, Inc. states that it did not design, manufacture or sell the subject baking dish and all liability on the part of the defendant is denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding plaintiff's injuries and, therefore, they are denied.

23. Denied. Paragraph 23 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied. By way of further answer, Newell Rubbermaid, Inc. states that it did not design, manufacture or sell the subject baking dish and all

5

liability on the part of the defendant is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding plaintiff's injuries and, therefore, they are denied.

24.     Denied.  Paragraph 24 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied.  By way of further answer, Newell Rubbermaid, Inc. states that it did not design, manufacture or sell the subject baking dish and all liability on the part of the defendant is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments relating to plaintiff's alleged earnings loss and, therefore, they are denied.

25.     Denied.  Paragraph 25 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied.  By way of further answer, Newell Rubbermaid, Inc. states that it did not design, manufacture or sell the subject baking dish and all liability on the part of the defendant is denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments relating to plaintiff's personal property loss and, therefore, they are denied.

**WHEREFORE**, defendant Newell Rubbermaid, Inc., demands judgment in its favor and against plaintiffs together with costs of suit, attorneys' fees and any such other relief as the Court deems appropriate.

## COUNT IV
## NEGLIGENCE
### Arelis Franco v. Newell Rubbermaid, Inc.

26. Defendant, Newell Rubbermaid, Inc., incorporates by reference the answers to paragraphs 1 through 25 of the complaint as though the same were set forth in full herein.

27. Denied.  Paragraph 27 of the complaint contains conclusions of law to which no response is required and, therefore, they are denied.  By way of further answer, Newell Rubbermaid, Inc. states that it did not design, manufacture or sell the subject baking dish and all liability on the part of the defendant is denied.

**WHEREFORE**, defendant Newell Rubbermaid, Inc., demands judgment in its favor and against plaintiffs together with costs of suit, attorneys' fees and any such other relief as the Court deems appropriate.

## COUNT V
## LOSS OF CONSORTIUM
### Carlos Franco v. Anchor Hocking, Inc.

28. Defendant, Anchor Hocking Inc. incorporates by reference the answers to paragraphs 1 through 27 of the complaint as though the same were set forth in full herein.

29. Denied.  The averments set forth in paragraph 29 of the complaint contain conclusions of law to which no response is required and, therefore, they are denied.

**WHEREFORE**, defendant Anchor Hocking Inc., demands judgment in its favor and against plaintiffs together with costs of suit, attorneys' fees and any such other relief as the Court deems appropriate.

## COUNT SIX
## LOSS OF CONSORTIUM
## Carlos Franco v. Newell Rubbermaid, Inc.

30. Defendant, Newell Rubbermaid, Inc. incorporates by reference the answers to paragraphs 1 through 29 of the complaint as though the same were set forth in full herein.

31. Denied. The averments set forth in paragraph 31 of the complaint contain conclusions of law to which no response is required and, therefore, they are denied.

**WHEREFORE**, defendant Newell Rubbermaid, Inc., demands judgment in its favor and against plaintiffs together with costs of suit, attorneys' fees and any such other relief as the Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Any injuries, damages or losses sustained by plaintiffs were caused, in whole or in part, or were contributed to by the acts of plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

Any injuries, damages or losses sustained by plaintiffs were proximately caused, in whole or in part, by the acts of other persons or parties for whom Anchor Hocking Inc. and Newell Rubbermaid, Inc. were not and are not responsible.

**FOURTH AFFIRMATIVE DEFENSE**

Any injuries, damages or losses sustained by plaintiffs were proximately caused by intervening or superseding causes for which Anchor Hocking Inc. and Newell Rubbermaid, Inc. were not and are not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs are estopped, in whole or in part, by the payment of insurance funds in complete satisfaction of plaintiffs' claims against her own or other insurers in an amount which was less than the limits of the policy.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of collateral estoppel or issue preclusion.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery by federal preemption of plaintiff's claim.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs and/or their agents assumed the risk or risks that proximately resulted in any injuries, damages or losses suffered by plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the plaintiffs' abnormal use, misuse or alteration of the glass dish allegedly at issue and/or the misuse, abnormal use or alteration of the glass dish at issue by those who were acting as plaintiffs' agents at the time of the accident or by those beyond the control of Anchor Hocking Inc. and Newell Rubbermaid, Inc.

## TENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs are barred, in whole or in part, by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

The application of any rule of Court or any other device providing for the awarding in this case of pre-judgment interest against the defendants or any recovery that may be made by any plaintiff herein is contrary to law and violates the defendants' rights to due process and equal protection of the law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, if any, may be barred, in whole or in part, by the doctrines of estoppel, latches, accord and satisfaction, failure of consideration and/or failure to mitigate damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The product referred to in plaintiffs' complaint was substantially changed, modified and/or altered from it original condition at the time of sale which constitutes a bar to plaintiffs' claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

At the time of sale of any product for which the defendants may be found responsible, it comported in all respects with its intended design and purpose and there were no reasonable alternative designs which could have been adopted which would have reduced any forseeable risks of harm posed by use of the product.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs, or a person for whom they may be responsible, may be legally responsible for spoliation of the product or its component parts as described in their complaint which would constitute a bar to plaintiffs' cause of action.

**WHEREFORE**, having answered all of the enumerated counts and paragraphs contained in the Complaint, defendants, Anchor Hocking Inc. and Newell Rubbermaid, Inc., request the following relief:

1. That the Complaint be dismissed with prejudice as to Anchor Hocking Inc. and Newell Rubbermaid, Inc.;

2. That Anchor Hocking Inc. and Newell Rubbermaid, Inc. be awarded its costs, expenses and attorneys fees in this action; and

3. That this Court grant Anchor Hocking Inc. and Newell Rubbermaid, Inc. such other and further relief as this Court may deem just and proper.

                                                                                         _____  
                                            William F. Kiniry, Jr.  
                                            PA I.D. No.:  24623  
                                            Stefanie J. Fogel  
                                            PA I.D. No.:  76537

                                            Piper Rudnick LLP  
                                            3400 Two Logan Square  
                                            18th & Arch Streets  
                                            Philadelphia, PA 19103

                                            Attorneys for Defendants  
                                            Anchor Hocking Inc. and Newell Rubbermaid, Inc.  

Dated:  October 16, 2002.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this date, she caused a true and correct copy of the Answer and Affirmative Defenses of Defendants, Anchor Hocking Inc. and Newell Rubbermaid, Inc. in the above captioned matter to be served by United States Mail, First Class, postage pre-paid, upon the following:

Gary P. Heslin, Esquire
The Heslin Law Firm
2834 Cottman Avenue
Revere Commons
Philadelphia, Pennsylvania 19406

_____
Stefanie J. Fogel

Dated:  October 16, 2002.

3603952